UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
MIRA ADVANCED TECHNOLOGY :
SYSTEMS, INC., :
:
                        Plaintiff, :     1:21-CV-07931 (ALC)
:
        -against- :     **OPINION AND ORDER**
:
GOOGLE LLC, :
:
                      Defendant. :
------------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

## BACKGROUND

Plaintiff Mira Advanced Technology Systems, Inc ("Mira") brings an action against Defendant Google, LLC. ("Google") for direct and indirect patent infringement under 35 U.S.C. § 1. At issue is United States Patent No. 10,594,854, which is a personal organizer for mobile devices with "a location-based reminder function." ECF No. #1 Ex. A (the "854 patent"). Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim pursuant to Federal. R. Civ. P. 12(b)(6).

**I.    Factual Background**

    **A.    The Parties**

Plaintiff Mira is a West Virginia corporation. Its principal place of business is also in West Virginia. Relevant here, Mira is the owner of all right, title, and interest of the '854 patent, and thus holds all rights to sue and recover damages for infringement of the aforementioned patent.

Google, the Defendant, is multinational technology company; it has a principal place of business in California, and it is a Delaware corporation.

    **B.    The '854 patent**

1

On March 17, 2020, the U.S. Patent and Trademark Office (the "PTO") issued the '854 patent to inventor Nitesh Ratnaker. '854 Patent. The '854 patent is a "location specific personal organizer system for communication devices." '854 Patent. Utilizing its built-in global positioning system ("GPS") mobile devices can determine "if any task in [the] personal organizer is due at its current location" and alert the user. '854 Patent. Like an address book, each "contact list entry" in Mira's organizer system has data fields for the location's name, physical address, geocode, contact details, website URL and any reminders or tasks. Users can input tasks in multiple forms: text or images, videos, or audio. To operate Mira's patent relies on geocoding, which is a process for determining the unique geographic coordinates for place names or street addresses. At the least, users must enter the address of a physical location and a task into Mira's personal organizer system. A physical address in a contact list entry initiates a search request sent to a geo-code database on a remote web server. GPS coordinates, alongside other information, corresponding to the physical address are then auto filled and saved in the relevant data fields for that contact list entry. Now, as a user goes about their daily life as soon as their device detects its user has ventured into a saved location, a notification denoting whatever task the user had previously associated with that location will appear. For example, a could set a reminder instructing them to buy stamps if they are near a post office.

The term 'claim' is used in patent applications to delineate the scope of legal protections possessed by patent owners. Seven claims, one independent the rest dependent, are used for the '854 Patent. The examiner evaluating the Asserted Patent cites several references to prior art including, Yokoyama, Moran, Ratnakar, Jayanthi, Myllymaki, Massenzio, Blass, Yardeni, Jayanthi and Klassen. These patents include a parking location reminder (Ratnakar, US. Patent No. 7,411,518). An electronic diary that stores a user's schedule and retrieves and transmits address data for upcoming

destinations to the user's navigation apparatus (Yokoyama, U.S. Patent No. 5,654,908). A mobile device that detects proximity to a point on a route and presents the associated audio track (Myllymaki, 2002/0102988 Al* 8/2002) and a mobile organizer system that alerts users based on the time or their proximity to a specified task location. (Blass, 2006/0058948). The main drawback to Blass' organizer is that inputting tasks associated with a location require users to be physically there. (Blass, 2006/0058948).

### C. Infringement Allegations

Mira alleges that the Google Keep software application has and continues to infringe upon their '854 Patent in violation of 35 U.S.C. § 271(c).

> Google Keep software application ("the Accused Infringing Software"), when running and being operated in a host smart communication device equipped with an on-board GPS module (after being pre-loaded or installed in the host smart communication device), causes the host smart communication device to practice one or more respective methods claimed in one or more of claims 1, 3, 5 and 7 of the Asserted Patent (hereinafter "the Asserted Claims") when a specific functional component ("the Accused Infringing Component") of the Accused Infringing Software…is invoked to carry out its functions.

ECF No. 28 at 10 (*hereinafter* "Am. Compl."). Allegedly, Google's software commits infringement by practicing "one or more of the Asserted Claims by performing, either literally or under the doctrine of equivalents, each and every step of the same respective one or more claimed methods, through running and operating of the Accused Infringing Software (installed, or otherwise incorporated or embodied, in the Accused Infringing Devices), particularly its Accused Infringing Component." *Id.* at 13. Mira contests Google's unauthorized production and sale of devices pre-loaded with the Accused Infringing Software and any subsequent import or export from the United States.

Plaintiff also claims that Google is in violation of 35 U.S.C § 271(b) by actively *inducing* its "unwary end-users" to commit infringement. *Id.* at 14. The affirmative acts described are: first, having the Accused Infringing Software pre-installed on Android smartphones and second, having

the Accused Infringing Software available for download by *unwary* end-users within the United States, in at least Google's Play Store and Apple's App Store. Finally, Plaintiff alleges that Google's infringement was and continues to be willful and deliberate. Since at least January 18, 2021, the Defendant has had actual notice of their infringement of the '854 Patent. Thus, Plaintiff argues the case is exceptional under 35 U.S.C. § 285.

### D.  Procedural History

On March 25, 2021, Mira filed A complaint against sole-defendant Google. See ECF No. 1 ("Compl."). Filed in the Eastern District of Virginia and assigned to District Judge T. Ellis, III and Magistrate Judge John Anderson, the complaint alleged infringement against a sole defendant. In response Google filed a Motion to Dismiss for Failure to State a Claim on May 28, 2021. The Defendant posited two main arguments. First, the '854 Patent concerned subject matter ineligible for patent protection under 35 U.S.C. § 101 and second, Plaintiff had failed to adequately plead direct or indirect infringement. Google also filed a concurrent motion to transfer.

The Court received Mira's amended complaint on June 25, 2021, and Google's motion in opposition on July 23, 2021. Am. Compl. ECF No. 30. These motions to dismiss and transfer were denied by the court. *See* ECF No. 29. Google then renewed their motion to transfer the case pursuant to 28 U.S.C. § 1404(a) with Mira submitting a response on August 17, 2021. On September 22, 2021, District Judge T. S. Ellis, III granted a transfer to the Southern District of New York. Accordingly, the Court deemed Defendant's motion to dismiss unnecessary to address. Currently before this court is Defendant's Motion to Dismiss the Plaintiff's amended complaint in its entirety with prejudice and without leave to amend. ECF No. 61.

## II.  Applicable Legal Standards

### A.  Motion to Dismiss

For a 12(b)(6) motion to dismiss to prevail "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). If a "plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Id.* at 678. Courts "may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference," to decide the motion. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted). District courts deciding issues in patent cases should "appl[y] the law of the circuit in which it sits to nonpatent issues and the law of the Federal Circuit to issues of substantive patent law." *In re Omeprazole Patent Litig.*, 490 F. Supp. 2d 381, 399 (S.D.N.Y. 2007) (citing *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1378-79 (Fed. Cir. 2005)); *see, e.g.*, *Desenberg v. Google, Inc.*, No. 09-CV-10121, 2009 U.S. Dist. LEXIS 66122, 2009 WL 2337122, at 5 (S.D.N.Y. July 30, 2009). *Travel Sentry, Inc. v. Tropp*, 527 F. Supp. 3d 256, 262 (E.D.N.Y. 2021).

**B.     Validity of Patents**

35 U.S.C. § 101 states a patentable invention is "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." Judicial exceptions to patentability are "laws of nature, abstract ideas and natural phenomena." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). Even if every other legal requirement of patentability is met, a patent claim without patent-eligible subject matter as described in §101 must be rejected. *In re Bilski,* 545 F.3d 943, 950 (Fed. Cir. 2008), *affirmed by Bilski v. Kappos,* 561 U.S. 593 (2010). Patent eligibility can be decided on a Motion to Dismiss "when there are no factual allegations that, taken

5

as true, prevent resolving the eligibility questions as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

## DISCUSSION

### 1.  Alice/Mayo Test

Introduced in *Mayo* and further clarified in *Alice,* courts have relied on the two-step *Alice/Mayo* test to determine patent eligibility. *Alice,* 573 U.S. at 208; *Mayo Collaborative Servs. v. Prometheus Laws., Inc.* 566 U.S. 66 (2012). This test requires that courts consider the elements of each asserted claim "'both individually and 'as an ordered combination' to determine whether the additional elements transform the nature of the claim' into a patent-eligible application." *Alice,* 573 U.S. at 218.

Step one of the *Alice/Mayo* test is to determine whether patent claims are directed to an abstract idea (such as mathematical concepts, methods of organizing human activity and mental processes), a law of nature or a natural phenomenon. The "'directed to' inquiry applies a stage-one filter to claims, considered in light of the specification, based on whether 'their character as a whole is directed to excluded subject matter.'" *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). A claim "directed to" an abstract theory is not patent eligible because the structure of the claim monopolizes the judicial exception in 35 U.S.C. § 101 and restricts others from using "basic tools of scientific or technological work." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.* 569 U.S. 576, 576 (2013). However, the Supreme Court cautions courts to "tread carefully in construing this exclusionary principle lest it swallow all of patent law…At some level, 'all inventions… embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'…Thus, an invention is not rendered ineligible for patent simply because it involves an abstract concept." *See Diamond v. Diehr,* 450 U.S. 175 (1981). Applications of concepts derived from laws of nature or

natural phenomena that are "to a new and useful end" have been determined to remain eligible for patent protection. *Mayo,* 566 U.S. at 71. In other words, patent claims improving existing technological processes tend not to be directed towards an abstract idea. *Enfish*, 822 F.3d at 1335.

Step two of the *Alice/Mayo* analysis is only reached if the first step determines claims are directed to an abstract idea and are therefore not patent-eligible. *Id.* at 1339. Step two is an examination of whether an abstract idea embodies an "inventive concept." *Alice,* 573 U.S. at 217-18, (citing *Mayo*, 566 U.S. at 72-73). Abstract concepts can be valid patent claims but only when they illustrate an element of inventiveness that advances prior art. *Verint Sys. v. Red Box Recorders Ltd.,* 226 F. Supp. 3d 190, 202 (S.D.N.Y. 2016). However,

> an inventive concept is unlikely to exist when the processes or calculations claimed in a patent could be accomplished within the human mind…or even when assisted with a simple device or accomplished in real time with variable inputs being affected…[T]o salvage an otherwise patent-ineligible process, a computer must be integral to the claimed invention, facilitating the process in a way that a person making calculations and computations could not.

*Ghaly Devices LLC v. Humor Rainbow, Inc.,* 443 F. Supp. 3d 421, 428 (S.D.N.Y. 2020) (internal citations omitted).

## ANALYSIS

Google outlines two arguments in support of their motion to dismiss. First, Google argues Mira's '854 patent is invalid because it attempts to protect an abstract idea without an inventive concept, instead of the subject matter eligible for patent protection under 35 U.S.C. § 101. Second, Google argues that even if the '854 patent is valid, Plaintiff's complaint does not reach the pleading threshold for claims of direct, indirect, or willful infringement. ECF No. 66. The Court agrees, finding that Mira's claims are directed towards patent-ineligible concepts.

III.     Validity of '854 patent
      A.     Alice/Mayo Analysis Step 1: Abstract Ideas

Defendant describes Mira's patent as "providing a reminder to a user at a particular location," and analogizes it to *CalAmp* which concerns a method patent for "...determining if something is in the right place at the right time." ECF No. 61 at 1. In *CalAmp* the representative claim recited:

> A method for determining whether an article tracking device is within a spatial zone, the method comprising the steps of: obtaining a current time and a current position of the device; determining a spatial zone that corresponds to the current time; determining whether the current position of the device is within the spatial zone; and sending a request to a server for a subset of server database records in response to the determination of whether the current position of the device is within the spatial zone.

*CalAmp Wireless Networks Corp. v. ORBCOMM*, Inc., 233 F. Supp. 3d 509, 512 (E.D. Va. 2017). The *CalAmp* court granted a Rule 12(b)(6) motion, holding that claims directed to methods for determining whether a device is at a particular location were patent ineligible under the two-step *Alice/Mayo* framework. *Id.* Attempting to differentiate itself, Plaintiff claims *CalAmp's* patent "has no resemblance or similarities whatsoever to Mira's patented method." ECF 66 at. 12. Nonetheless, we tend to agree with Defendant. The '854 patent essentially operates by using location addresses entered by a user to submit a search request to a remote server to receive a set of GPS coordinates in return. The technology requires the device to use its onboard GPS to determine its spatial zone. Upon determining its current location reflects the coordinates of a pre-saved contact list entry, the mobile device displays the user a task reminder. Although Mira's patented process has slight variations to *CalAmp's* patent, the general concept is very similar, which indicates that Mira's claim is not patentable.

The pivotal question in *Alice/Mayo* step one is whether claims are focused on an "improvement in computer capabilities" or "instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." *Enfish*, 822 F.3d at 1336; *Chewy, Inc. v. IBM*, 2021 U.S. Dist. LEXIS 158871, at 16, 19 (S.D.N.Y. Aug. 23, 2021) (designed specifically to resolve the

problem in prior uses of JavaScript requiring the development of multiple JavaScript libraries to hold a combination of formatting and content). Otherwise, the individual steps of collecting information, analyzing information, and presenting the results of the analysis are all abstract ideas. *Electric Power Group LLC v. Alstom SA*, 830 F.3d 1350 (Fed. Cir. 2016). For example, the patent at issue in *Verint Sys. v. Red Box Recorders Ltd.* solved an industry-wide problem confronted by call centers that handled voice over Internet protocol communications. The patent did so by electronically identifying information to be protected and rendering it unintelligible to anyone without authorization to access that information. 226 F. Supp. 3d 190 (S.D.N.Y. 2016). The claim in *Verint's* patent application describes "receiving data packets from the network…communicating the data packets to a data analysis engine… identifying…an interaction to which the data packets belong responsive to information included within the data packets; and storing…the interaction contained within the data packets in a storage device." *Id.* at 202. The *Verint* court stated "[t]hese steps are concededly rather basic, but this Court cannot determine that they are 'abstract' as described in step one of Alice." *Id.* The method patent in *Verint* appears remarkably similar to Mira's software which essentially: (i) enables users to input an intended geographical location into their device, (ii) have that information sent to a remote server to query against the remote geo-code database and obtain relevant GPS coordinates (iii) receives GPS coordinates from the remote server and (iv) stores the received GPS coordinates with the user's corresponding reminder entry. However, the patent in *Verint* is distinct from the patent before us because whereas the former improves computer capabilities by identifying sensitive information and preventing unauthorized access, the latter only improves the user experience. Mira's purported innovation is the retrieval of GPS coordinates from a remote database so users do not have to physically travel to a location or manually input coordinates.

Rulings in this circuit are consistent with the notion that automating a process already performed by humans does not lead to patentability under *Alice. CalAmp,* 233 F. Supp. 3d at 513. The '854 patent automates the system of accessing GPS coordinates, but it is not an improvement in mobile technology or an improvement to the functioning of the device itself. The "need to perform tasks automatically is not a unique technical problem." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1316 (Fed. Cir. 2019). Therefore "a series of computerized steps is not eligible for protection if the steps 'could all be performed by humans without a computer.'" *Perry St. Software, Inc. v. Jedi Techs., Inc.,* 548 F. Supp. 3d 418, 432 (S.D.N.Y. 2021) (quoting *Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.,* 811 F.3d 1314, 1324 (Fed. Cir. 2016)). U.S Patent No. 8, 150,766 is "essentially a scheme for computerized management of account balances across a multi-bank, multi-account depository system," and S.D.N.Y. held that this patent was invalid because it "merely recites execution on a computer of a bookkeeping process that could be executed by humans manually: essentially, accessing and obtaining information." *Island Intellectual Prop., LLC v. Stonecastle Asset Mgmt. LLC*, 463 F. Supp. 3d 490, 499 (S.D.N.Y. 2020). Similarly, Mira's improvement to prior art - the acquisition of GPS coordinates that autofill the data fields in Mira's task organizer - could theoretically be performed by users. The Plaintiff contends having users perform this task puts "tremendous amount of burden on the user…and [is] susceptible to human errors." ECF No. 66. However, precedent in this circuit dictates that "improving a user's experience ([by] providing "quick and easy access" to low-level data) does not make the asserted claims non-abstract at step one because the patent does not articulate any specific technological improvement. *See Simio, LLC v. FlexSim Software Prods., Inc.,* 983 F.3d 1353, 1361 (Fed. Cir. 2020)." *DigiMedia Tech, LLC v. Viacom CBS Inc.,* No. 21-CV-1831 (JGK), 2022 WL 836788, at 6 (S.D.N.Y. Mar. 21, 2022).

    **B.**    **Alice/Mayo Analysis Step 2: Inventive Concept**

The *Alice/Mayo* framework requires courts to establish the existence of an "inventive concept" for patents directed towards an abstract idea. A patent with claims directed to an abstract idea without an inventive concept is not patentable under 35 U.S.C. § 101. Any patent application's claims must contain an "inventive concept" that renders the patent "significantly more than" the ineligible matter itself. *Alice* at 1980 (citing *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.,* 569 U.S. 576, 589, 106 USPQ2d 1972, 1979 (2013). This "inventive concept" needs to be "more than performance of well-understood, routine, and conventional activities previously known to the industry." *Berkheimer v. HP Inc.,* 881 F.3d 1360, 1367 (Fed. Cir. 2018) (internal quotation marks omitted).

Plaintiff considers the '854 patent as an advancement on previously existing software, but courts have established that relying on a database to access information does not satisfy the inventive concept requirement, nor does sending information over a network. *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.,* 811 F.3d 1314, 1325 (Fed. Cir. 2016). Moreover, Plaintiff acknowledges users could manually perform the same process but describes it as "an inconvenience" that may "result in human errors from time to time." ECF No. 66 at 4. Yet, "relying on a computer to perform routine tasks more quickly or more accurately is insufficient to render a claim patent eligible." *Kickstarter, Inc. v. Fan Funded, LLC,* No. 11–cv–6909 (KPF), 2015 WL 3947178, at 13 (S.D.N.Y. June 29, 2015) (quoting *OIP Techs.*, 788 F.3d at 1363). Claim 1 in Patent '854 does not explain any non-standard technology or methodology; therefore, Patent '854 fails step two of the *Alice/Mayo* analysis. *Zeta Glob. Corp. v. Maropost Mktg. Cloud, Inc.*, 2022 U.S. Dist. LEXIS 120208, at 11 (S.D.N.Y. July 7, 2022). After having carefully considered all of Mira's arguments, I find them unpersuasive. Patent '854 fails to transform the concept of location-based reminders into patent-eligible subject matter. It claims the abstract idea of location-based notifications by accessing a

remote server and lacks the "inventive concept" which would be sufficient to "transform" the claimed subject matter into a patent-eligible application.

## IV. Google's Alleged Infringement

Since the patent claims in this case are invalid, Mira has no right of action against Google for infringement.

## CONCLUSION

For the reasons stated above, the Defendant's motion is **GRANTED,** and the Plaintiff's infringement claim is **DISMISSED**.


**SO ORDERED.**

**Dated:**       New York, New York
                 August 31, 2022

**/s/ Andrew L. Carter, Jr.**
**ANDREW L. CARTER, JR.**
**United States District Judge**
